**Opinion issued October 11, 2012**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-11-00600-CR

———————————

## GREGORY DALE WALL, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1299707**

---

## MEMORANDUM OPINION

A jury found appellant, Gregory Dale Wall, Jr., guilty of theft under $1,500—third offense. Appellant pleaded true to two enhancements, and the trial court assessed punishment at eight years' confinement. The trial court certified that

this is not a plea bargain case and that appellant has the right of appeal. Appellant timely filed a notice of appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that therefore the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We affirm the trial court's judgment and grant counsel's motion to withdraw.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, her obligation to her client is to seek leave to withdraw. *Id*. at 407. Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id*.

We may not grant the motion to withdraw until:

(1)    the attorney has sent a copy of her *Anders* brief to her client, along with a letter explaining that the defendant has the right to file a pro se brief within 30 days, and she has ensured that her client has, at some point, been informed of his right to file a pro se petition for discretionary review;

(2)    the attorney has informed us that she has performed the above duties;

(3)    the defendant has had time in which to file a pro se response; and

2

(4)  we have reviewed the record, the *Anders* brief, and any pro se brief.

*See id.* at 408–09.  If we agree that the appeal is wholly frivolous, we will grant the attorney's motion to withdraw and affirm the trial court's judgment. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If we conclude that arguable grounds for appeal exist, we will grant the motion to withdraw, abate the case, and remand it to the trial court to appoint new counsel to file a brief on the merits. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel discusses the evidence, supplies us with references to the record, and provides us with citation to legal authorities.  Counsel indicates that she has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant filed a pro se response, arguing trial counsel was ineffective because he (1) failed to obtain a copy of the store's surveillance tape, (2) failed to subpoena a potential witness, (3) failed to subpoena the arresting officer, and (4) did not call appellant to take the stand.

3

We have independently reviewed the entire record, and we conclude that no reversible error exists, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Schulman*, 252 S.W.3d at 407 n.12 (explaining that appeal is frivolous when it does not present any argument that could "conceivably persuade the court"); *Bledsoe*, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous). Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner*, 300 S.W.3d at 767. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d 827 & n.6.

We grant counsel's motion to withdraw[1] and affirm the trial court's judgment. Attorney Francis Bourliot must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). All pending motions are denied.

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).